[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11580
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 30, 2010
JOHN LEY
CLERK

Agency No. A095-895-139

ADINEW TSIGE ABEBAW,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent,

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 30, 2010)

Before DUBINA, Chief Judge, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Adinew Abebaw seeks review of the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). In his petition, Abebaw argues that the BIA erred by affirming the IJ's adverse credibility finding. Abebaw also argues that the BIA erred in finding that he had not suffered past persecution nor demonstrated a well-founded fear of future persecution. Finally, Abebaw argues that he also met his burden of proving his entitlement to withholding of removal.

As an initial matter, Abebaw abandoned his claim for CAT relief by failing to argue that issue to this court. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that an issue is abandoned when an appellant fails to offer argument on the issue).

I.

We review the BIA's decision, unless the BIA expressly adopted the IJ's decision. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). Here, because the BIA issued its own opinion upholding the IJ's adverse credibility finding and the denial of asylum, withholding, and CAT, we will only review the BIA's decision.

*Id.*

We review the BIA's factual determinations under the substantial evidence test. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817-18 (11th Cir. 2004). Under the substantial evidence test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* Credibility is a factual determination for the trier of fact, and we "may not substitute its judgment for that of the BIA with respect to credibility findings." *Id.* Credibility determinations "can be reversed only if the evidence 'compels' a reasonable fact finder to find otherwise." *Sepulveda*, 401 F.3d at 1230.

An alien is eligible for discretionary asylum relief if the alien is a "refugee" within the meaning of the Immigration and Nationality Act ("INA") § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). A "refugee" is defined as

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant bears the burden of proving that he qualifies as a "refugee." 8 C.F.R. § 208.13(a). In order

to meet this burden, "the applicant must, with specific and credible evidence, establish (1) past persecution on account of a statutorily protected ground or (2) a well-founded fear of future persecution on account of a protected ground." *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1256 (11th Cir. 2007).

"The asylum applicant must establish eligibility for asylum by offering credible, direct, and specific evidence in the record." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (internal quotation marks omitted). The alien's testimony, "if credible, may be sufficient to sustain the burden of proof [for asylum] without corroboration." 8 C.F.R. § 208.13(a). "The weaker an applicant's testimony, however, the greater the need for corroborative evidence." *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). "If the applicant produces no evidence other than his testimony, an adverse credibility determination is alone sufficient to support the denial of an asylum application." *Forgue*, 401 F.3d at 1287. "If, however, the applicant produces other evidence of persecution, whatever form it may take, the IJ must consider that evidence, and it is not sufficient for the IJ to rely solely on an adverse credibility determination." *Id.* The IJ must make a "clean" determination of credibility, *Yang*, 418 F.3d at 1201, offering "specific, cogent reasons" for an adverse credibility finding, *Forgue*, 401 F.3d at 1287.

Congress amended the law regarding credibility determinations in applications filed after May 11, 2005. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1231 (11th Cir. 2006) (discussing the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302, § 101(h)(2)). Under the new standard, credibility determinations must be based on the totality of the circumstances and all relevant factors, regardless of whether they go to the heart of the applicant's claim. *Id.* Abebaw filed his asylum application in 2002, well before May 11, 2005, so this new standard does not apply. *Id.*

Our review of the record persuades us that substantial evidence supports the BIA's adverse credibility finding because of Abebaw's vague and implausible testimony and the lack of corroborating documentary evidence to support his version of events.

## II.

Whether an alien has proved persecution is a factual determination that we review under the substantial evidence test. *Mejia*, 498 F.3d at 1256-58. As noted above, to prove persecution "the applicant must, with specific and credible evidence, establish (1) past persecution on account of a statutorily protected ground or (2) a well-founded fear of future persecution on account of a protected ground." *Id.* at 1256 (citing 8 C.F.R. § 208.13(b)). An applicant for asylum who

5

has established past persecution on a protected ground is presumed to have a well-founded fear of future persecution on the basis of the original claim. 8 C.F.R. § 208.13(b)(1). The government may rebut this presumption by showing, by a preponderance of the evidence, either (1) a change in the country's conditions, or (2) that relocation within the country would avoid future persecution and that it was reasonable to expect the alien to do so. *Id.* § 208.13(b)(1)(i)(A) and (B).

If the petitioner "cannot show past persecution, then the petitioner must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006). "The subjective component can be proved 'by the applicant's credible testimony that he or she genuinely fears persecution,' while the objective component 'can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution.'" *Id.* (quoting *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1289, (11th Cir. 2001)). The petitioner must establish "that there is 'a reasonable possibility he or she would be singled out individually for persecution,' or that he is a member of, or is identified with, a group that is subjected to a pattern or practice of persecution." *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1174 (11th Cir. 2008) (citing 8 C.F.R. § 208.13(b)(2)(iii)).

We have indicated that "persecution is an extreme concept," and that "mere

6

harassment does not amount to persecution." *Sepulveda*, 401 F.3d at 1231 (internal quotation marks and alteration omitted). Though we have stated that "under certain circumstances detention may rise to the level of persecution," it has often held otherwise in cases regarding detention. *Zheng v. U. S. Att'y Gen.*, 451 F.3d 1287, 1290-91 (11th Cir. 2006) (holding that a five-day detention during which the alien was not harmed does not compel a finding of past persecution). In a case where the applicant received threats and attempted attacks over a period of 18 months that culminated in a physical attack on account of his political opinion, we held such mistreatment to be sufficient evidence of past persecution. *Mejia*, 498 F.3d at 1257-58.

Abebaw failed to establish past persecution with credible testimony or other corroborating documentation, and failed to show a well-founded fear of future persecution because his incredible testimony demonstrated that any claimed fear was not subjectively genuine. Thus, we conclude that the BIA's and IJ's conclusion that Abebaw failed to independently demonstrate a well-founded fear of persecution was supported by substantial evidence.

### III.

To be eligible for withholding of removal, an "alien bears the burden of demonstrating that it is 'more likely than not' she will be persecuted or tortured

upon being returned to her country." *Sepulveda*, 401 F.3d at 1232.  Because this is a more stringent standard than for asylum, "if an applicant is unable to meet the well-founded fear standard for asylum, [s]he is generally precluded from qualifying for either asylum or withholding of deportation."  *Id.* at 1232-33, quoting *Mazariegos v. U.S. Att'y Gen.*, 241 F.3d 1320, 1324 n.2 (11th Cir. 2001) (alteration omitted).

Because Abebaw failed to demonstrate eligibility for asylum, he necessarily cannot qualify for withholding of removal.

For the above-stated reasons, we deny the petition for review.

**PETITION DENIED.**